# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * * * * *
LUIS TRIGUEROS, *
*
Petitioner, *
*
v. *
*
SECRETARY OF HEALTH *
AND HUMAN SERVICES, *
*
*
Respondent. *
* * * * * * * * * * * * * * * * * * * * * *

No. 16-1058V
Special Master Christian J. Moran

Filed: February 14, 2020

Stipulation; influenza ("flu") vaccine; Guillain-Barré Syndrome ("GBS").

Ronald C. Homer, Conway, Homer, P.C., Boston, MA, for Petitioner;
Camille M. Collett, United States Dep't of Justice, Washington, DC, for Respondent.

**UNPUBLISHED DECISION**[1]

Luis Trigueros alleged that various vaccines, including the influenza vaccine, caused him to develop Guillain-Barré syndrome. The basic facts are (1) Mr. Trigueros received the flu vaccination on October 2, 2013, and (2) Mr. Trigueros was hospitalized for GBS, starting October 21, 2013. Mr. Trigueros filed his petition on August 25, 2016.

While his case was pending, the Secretary announced, on January 19, 2017, revisions to the Vaccine Injury Table based upon a Notice of Proposed Rule Making, issued on July 29, 2015. 80 Fed. Reg. 45131. The January 19, 2017 revisions established that flu vaccine was presumptively the cause of GBS when

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

the GBS arose 3-42 days after the vaccination. 82 Fed. Reg. 6294. This provision is now found in the Vaccine Injury Table at 42 C.F.R § 100.3, ¶ XIV.D.

Revisions to the Vaccine Injury Table "apply only with respect to petitions for compensation under the Program which are filed after the effective date of such regulation." 42 U.S.C. § 300aa–14(c)(4). However, because the revision established a presumptive causal association between flu vaccine and GBS, the revision "significantly increase[d] the likelihood" that Mr. Trigueros would receive compensation on his claim that the flu vaccine caused him to suffer GBS. As such, Mr. Trigueros could "file a petition for such compensation not later than 2 years after the effective date of the revision." 42 U.S.C. § 300aa–16(b).

Although eligible to initiate a new case to take advantage of the Table revision, Mr. Trigueros did not. At events hosted by the Office of Special Masters, supervisors within the Department of Justice requested that petitioners who could benefit from the lookback aspect of the statute of limitations not file new cases. The filing of new cases would add an administrative burden on officials within the Department of Justice, the Department of Health and Human Services, and the Office of Special Masters.

In Mr. Trigueros's case, the Secretary acted consistently with this policy. The Secretary stated: "Recognizing that petitioner may re-file this petition and be afforded a presumption of causation under the revised Table . . . , respondent will not contest entitlement to compensation in this case." Resp't's Rep., filed pursuant to Vaccine Rule 4 on Oct. 4, 2017.[2] After respondent declined to oppose entitlement, the undersigned issued an Unpublished Ruling Finding Entitlement, 2017 WL 6521877 (Fed. Cl. Spec. Mstr. Oct. 17, 2017).

Following this ruling, the parties worked to determine the amount of compensation to which Mr. Trigueros is entitled. Despite the parties' good faith, the resolution of damages became protracted. Eventually, the undersigned scheduled the case for a hearing to resolve disputes about damages and directed the parties to file briefs. Order, issued July 30, 2019, ECF No. 72.

To their credit, the attorneys continued to work together. Their cooperation led to a tentative resolution to resolve the case, subject to the approval by an

[2] Pursuant to Vaccine Rule 4(c)(2), the Secretary's report "must contain respondent's medical analysis of petitioner's claims and must present any legal arguments that respondent may have in opposition to the petition."

authorized official of the Attorney General. See order, issued Oct. 3, 2019, ECF No. 79.

On January 23, 2020, the Secretary filed a stipulation for an award signed by all parties. Paragraph 6 of the Stipulation states: "Respondent denies that the vaccines caused petitioner to suffer from GBS or any other injury or his current condition."[3] Nevertheless, as recited in the remainder of the stipulation, the parties agree to the joint stipulation, attached hereto. The undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

Damages awarded in that stipulation include:

1. **A lump sum payment of $232,310.35, which amount represents compensation for first year life care expenses ($57,293.73), pain and suffering ($175,000.00), and past unreimbursable expenses ($16.62) in the form of a check payable to petitioner.**

2. **A lump sum payment of $1,163.02, which amount represents reimbursement of a New York Medical Assistance lien for services rendered on behalf of petitioner, Luis Trigueros, in the form of a check payable jointly to petitioner and New York State Department of Health, and mailed to:**

   **New York State Department of Health**
   **P.O. Box 415874**
   **Boston, MA 02241-5874**
   **Recovery Case # 194274**
   **Attn: Sherry Miles**

   **Petitioner agrees to endorse this check to the New York State Department of Health.**

3. **An amount sufficient to purchase the annuity contract described in paragraph 10 of the signed joint stipulation, paid to the life insurance**

[3] The statement in paragraph 6 of the stipulation does not match the position the Secretary took earlier in the case. In the respondent's report, the Secretary did "not contest entitlement to compensation."

**company from which the annuity will be purchased (the "Life Insurance Company").**

**These amounts represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment in case 16-1058V according to this decision and the attached stipulation.[4]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

[4] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.