# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * *
| | | |
|---|---|---|
| LUIS TRIGUEROS, | * | |
| | * | No. 16-1058V |
| Petitioner, | * | Special Master Christian J. Moran |
| | * | |
| v. | * | Filed: May 27, 2021 |
| | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | Attorneys' Fees and Costs |
| | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * * *

Ronald C. Homer, Conway, Homer, P.C., Boston, MA, for Petitioner;
Camille M. Collett, United States Dep't of Justice, Washington, DC, for Respondent.

### PUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Pending before the Court is petitioner Luis Trigueros' motion for final attorneys' fees and costs. He is awarded **$88,612.96**.

\* \* \*

On August 25, 2016, petitioner filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. Petitioner alleged that the influenza vaccine he received on October 2, 2013, which

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

is contained in the Vaccine Injury Table, 42 C.F.R. §100.3(a), caused him to suffer Guillain-Barré syndrome. Petitioner further alleged that he suffered the residual effects of this injury for more than six months. On October 17, 2017, the undersigned issued his ruling on entitlement, finding that petitioner was entitled to compensation for his vaccine injury. Thereafter, the parties engaged in settlement discussions and on January 23, 2020, the parties filed a stipulation, which the undersigned adopted as his decision awarding compensation on February 14, 2020.

On May 13, 2020, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $68,074.10 and attorneys' costs of $21,038.86 for a total request of $89,112.96. Fees App. at 2. Pursuant to General Order No. 9, petitioner warrants that he has not personally incurred any costs related to the prosecution of her case. Id. On May 28, 2020, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2. Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioner did not file a reply thereafter.

*   *   *

Because petitioner received compensation, he is entitled to an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa–15(e). Thus, the question at bar is whether the requested amount is reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

A.  Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorneys' work was done outside of the District of Columbia.

The undersigned has reviewed the hourly rates requested for the work of her counsel at Conway, Homer, PC (the billing records indicate that the majority of attorney work was performed by Ms. Lauren Faga, with supporting work performed by Ms. Meredith Daniels, Ms. Christina Ciampolillo, Mr. Joseph Pepepr, Mr. Patrick Kelly, and Mr. Ronald Homer) and finds that the hourly rates are consistent with what these attorneys have previously been awarded for their Vaccine Program work. See, e.g., Skiles v. Sec'y of Health & Human Servs., No. 18-1597V, 2020 WL 5407823 (Fed. Cl. Spec. Mstr. Aug 14, 2020); Heddens v. Sec'y of Health & Human Servs., No. 15-734V, 2019 WL 5791266 (Fed. Cl. Spec. Mstr. Oct. 24, 2019). Accordingly, the requested hourly rates are reasonable.

B.  Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

The undersigned has reviewed the submitted billing entries and on the whole, the request is reasonable. However, a minor amount of time was billed for administrative tasks such as filing documents and downloading those filed documents. See Guerrero v Sec'y of Health & Human Servs., No. 12-689V, 2015 WL 3745354, at *6 (Fed. Cl. Spec. Mstr. May 22, 2015) (citing cases), mot. for rev. den'd in relevant part and granted in non-relevant part, 124 Fed. Cl. 153, 160 (2015), app. dismissed, No. 2016-1753 (Fed. Cir. Apr. 22, 2016). Based upon the

3

undersigned's overall perception of the time billed after review, a reduction of $500.00 is appropriate in order to achieve "rough justice." See Florence v. Sec'y of Health & Human Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011).

In sum, petitioner is awarded final attorneys' fees of $67,574.10.

C. Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requests a total of $21,038.86 in attorneys' costs. This amount is comprised of acquiring medical records, the Court's filing fee, travel costs associated with visiting petitioner, work performed by petitioner's life care planner, and work performed by Ms. Kimberly Schleede of JMW Settlements in preparing pain and suffering valuations, life care plan pricing with net-present value calculations, and rated age analysis at an hourly rate of $375.00 per hour.

Ms. Schleede has thirty-three years of experience as a settlement consultant and has earned professional accreditations as a Certified Structured Settlement Consultant and a Master Structured Settlement Consultant. She has consulted with petitioners in the Vaccine Program for over ten years and has provided court testimony in one prior case, as well as participating in several mediations and settlement conferences in the past. Respondent also does not contest the reasonableness of Ms. Schleede's hourly rate, noting that she "has a long history of providing petitioners with her consulting services in the Vaccine Program, and her $375.00 per hour rate has been routinely awarded by Special Masters since 2015." Response, filed May 8, 2021, at 2. Accordingly, the undersigned finds Ms. Schleede's hourly rate to be reasonable for the services she has provided in this case.[2]

For the remainder of the costs, petitioner has provided adequate documentation supporting all of the requested costs, and all appear reasonable in

---

[2] The undersigned notes that not all structured settlement specialists may be entitled to a similar hourly rate. Petitioner has noted that Ms. Schleede's rate was established upon earning her advanced accreditation of Master Structured Settlement Consultant. Memorandum, filed October 1, 2020, at 3. Thus, a settlement specialist with less-robust credentials than Ms. Schleede would likely be awarded a lesser hourly rate by the undersigned.

4

the undersigned's experience. Petitioner is therefore awarded the full amount of attorneys' costs sought.

E.   Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$88,612.96** (representing $67,574.10 in attorneys' fees and $21,038.86 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Mr. Ronald Homer.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.